# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. ORLY TAITZ, ESQ, PRO SE,  )<br>  )<br>  Plaintiff,  )<br>  )<br>  v.  )<br>  )<br>KATHY RUEMMLER, WHITE HOUSE  )<br>COUNSEL,  )<br>  )<br>  Defendant.  )<br>_____)  | Civil Action No. 11-CV-01421-RCL<br>The Honorable Royce C. Lamberth |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(6), defendant moves the Court to dismiss this action on the grounds that the complaint fails to state a claim upon which relief can be granted. In support of this motion, defendant submits herewith a memorandum of law.

Dated: September 29, 2011

Respectfully submitted,

TONY WEST
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

 */s/Patrick G. Nemeroff*
PATRICK G. NEMEROFF
CA Bar No. 268928
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 305-8727
Fax: (202) 305-8517
Email: patrick.g.nemeroff@usdoj.gov

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DR. ORLY TAITZ, ESQ, PRO SE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KATHY RUEMMLER, WHITE HOUSE )<br>COUNSEL, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 11-CV-01421-RCL<br>The Honorable Royce C. Lamberth |

**DEFENDANT'S MEMORANDUM IN SUPPORT**
**OF DEFENDANT'S MOTION TO DISMISS**

**INTRODUCTION**

Plaintiff Dr. Orly Taitz ( "Plaintiff") has sued Kathy Ruemmler in her capacity as White House Counsel under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking access to documents plaintiff alleges are in the possession of the White House Counsel's Office. *See* Complaint (Dkt. 1).[1] Plaintiff alleges in her complaint that she submitted a FOIA request to the White House Counsel's Office and received no response. *Id.* at 5, ¶¶ 8-11. Plaintiff's claim is frivolous; it is well settled that the White House Counsel's Office is not an agency subject to FOIA. For that reason, plaintiff's complaint should be dismissed for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6).

---

[1] Plaintiff filed her complaint on August 4, 2011, and served it on the United States Attorney for the District of Columbia on August 30, 2011.

1

**ARGUMENT**

**The White House Counsel's Office Is Not Subject To FOIA.**

"By its terms, FOIA applies only to an 'agency.'" *Citizens for Responsibility and Ethics in Washington v. Office of Admin.*, 566 F.3d 219, 222 (D.C. Cir. 2009).  As revised in 1974, FOIA defines the term "agency" to

> include[] any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency.

5 U.S.C. § 552(f).  The Conference Committee Report accompanying the 1974 amendments to FOIA, which added the reference to the "Executive Office of the President," explains that the term "Executive Office of the President" is "not to be interpreted as including the President's immediate personal staff or units in the Executive Office whose sole function is to advise and assist the President."  S. Conf. Rep. No. 1200, 93d Cong., 2d Sess. 15 (1974), *reprinted in* 1974 U.S.C.C.A.N. 6293; H.R. Conf. Rep. No. 1380, 93d Cong., 2d Sess. 14 (1974) (same).  Citing this "unambiguous" legislative history, the Supreme Court held that the "'Executive Office' does not include the Office of the President" and that "'the President's immediate personal staff or units in the Executive Office whose sole function is to advise and assist the President' are not included within the term 'agency' under the FOIA." *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 156 (1980) (quoting H.R. Conf. Rep. No. 93-1380, at 15 (1974)); *accord Meyer v. Bush*, 981 F.2d 1288, 1293 n.3 (D.C. Cir. 1993) (FOIA excludes "at least those approximately 400 individuals employed in the White House Office" who are the President's immediate personal staff).

Because the White House Counsel's Office is part of the Office of the President and its sole function is to advise and assist the President, the D.C. Circuit has held that the White House Counsel's Office is not an agency subject to FOIA. *See Nat'l Security Archive v. Archivist of the United States,* 909 F. 2d 541, 545 (D.C. Cir. 1990); *see also Judicial Watch, Inc. v. DOJ*, 365 F.3d 1108, 1109 n.1 (D.C. Cir. 2004); *Alexander v. FBI*, 691 F. Supp. 2d 182, 189 (D.D.C. 2010) (Lamberth, C.J.) ("[T]he National Security Council, the White House Counsel's Office, the President's Task Force on Regulatory Relief, and the Council of Economic Advisors have all been excluded from FOIA's definition of agency because they are either part of the President's immediate staff or have the sole function of advising and assisting the President."). Contrary to plaintiff's assertion otherwise, *see* Complaint at 6, ¶ 16, this holding is compelled by the functions served by the White House Counsel's Office and does not depend upon the nature of the documents requested under FOIA. *See Citizens for Responsibility and Ethics in Washington*, 566 F.3d at 222-23 ("[C]ommon to every case in which we have held that an EOP unit is subject to FOIA has been a finding that the entity in question 'wielded substantial authority independently of the President.'" (quoting *Sweetland v. Walters*, 60 F.3d 852, 854 (D.C. Cir. 1995) (per curiam))).

Dismissal for failure to state a claim is proper where a FOIA action has been brought against a defendant that is not an agency covered by FOIA. *See Citizens for Responsibility and Ethics in Washington*, 566 F.3d at 225 ("Because we conclude that [the defendant] is not an agency covered by FOIA, we find sufficient grounds to affirm the district court's dismissal of the complaint for failure to state a claim."). Plaintiff's FOIA claim against the White House Counsel's Office should therefore be dismissed for failure to state a claim.

## **CONCLUSION**

For the foregoing reasons, this Court should grant the defendant's motion to dismiss plaintiff's complaint for failure to state a claim.

Dated: September 29, 2011                Respectfully submitted,

                                         TONY WEST
                                         Assistant Attorney General

                                         ELIZABETH J. SHAPIRO
                                         Deputy Director, Federal Programs Branch

                                         _/s/Patrick G. Nemeroff_
                                         PATRICK G. NEMEROFF
                                         CA Bar No. 268928
                                         Trial Attorney
                                         United States Department of Justice
                                         Civil Division, Federal Programs Branch
                                         20 Massachusetts Avenue, N.W.
                                         Washington, D.C. 20530
                                         Telephone: (202) 305-8727
                                         Fax: (202) 305-8517
                                         Email: patrick.g.nemeroff@usdoj.gov

                                         Attorneys for Defendant