UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ORLY TAITZ, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 11-1421 (RCL) |
| KATHY RUEMMLER, WHITE HOUSE COUNSEL, | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

Before the Court is defendant's motion to dismiss [4]. Upon consideration of defendant's motion, plaintiff's opposition [5], the entire record herein, and the applicable law, the Court will grant the motion.

As part of her Sisyphean quest to prove that President Barack Obama is using a fake Social Security number and a forged birth certificate, plaintiff filed the instant Complaint [1]. Plaintiff seeks access under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to the two certified copies of the original long form birth certificate of Barack Obama[1] currently in possession of the defendant, White House Counsel Kathy Ruemmler.  The defendant filed the instant motion to dismiss, arguing that FOIA does not apply to the White House Counsel's office.  This Court agrees.  The Act only applies to agencies, and while the textual definition of "agency" contained in 5 U.S.C. § 552(f) is seemingly broad enough to cover any Executive agency, the Supreme Court has long held that the President's personal staff and advisors are not "agencies" subject to FOIA requests.  *Kissinger v. Reporters Comm. for Freedom of the Press*,

---

[1] The President released his long-form birth certificate on April 27, 2011, and posted a copy on the White House Web site.  The certificate confirms the President's birth in Honolulu, Hawaii.  *See* Michael D. Shear, "With Document, Obama Seeks to End 'Birther' Issue," The New York Times, Apr. 28, 2011, at A1.

445 U.S. 136, 156 (1980).  So long as the entities or advisors in question "wield[] substantial authority independently of the President," they are not subject to FOIA.  *Citizens for Responsibility and Ethics in Washington v. Office of Admin.*, 566 F.3d 219, 222 (D.C. Cir. 2009) (quotation marks omitted).  The White House Counsel's Office is one such office that is not subject to FOIA, because the Office's sole responsibility is to render legal advice to the President.  *See Nat'l Security Archive v. Archivist of the United States*, 909 F.2d 541, 545 (D.C. Cir. 1990).  Indeed, this Court as recently as last year noted that "the White House Counsel's Office [has] been excluded from FOIA's definition of agency . . . ."  *Alexander v. FBI*, 691 F. Supp. 2d 182, 189 (D.D.C. 2010).  Plaintiff thus cannot seek relief against the defendant under FOIA.

Plaintiff argues that because the defendant's predecessor participated in a press conference during which he, Director of Communications Dan Pfeiffer, and Press Secretary Jay Carney announced the release of the birth certificate and Mr. Pfeiffer's intent to safeguard the certificate for the President, the defendant's predecessor exerted sufficient independent authority from the President to warrant agency treatment under FOIA.  *Citizens for Responsibility and Ethics in Washington*, 566 F.3d at 222.  But plaintiff provides no indication that the defendant's predecessor and other participants in the press conference acted without the President's direction.  There is no reason to believe that the Office of the White House Counsel's involvement in the release and continued retention of the birth certificate is independent in any sense or outside the traditional auspices of the office.  Plaintiff's entire argument for application of FOIA to this case is simply a restatement of her conclusory allegations that the President and his Administration are committing a fraud.  Such threadbare assertions are irrelevant to the status of the White House Counsel's Office as an entity exempt from FOIA.  It is therefore hereby

**ORDERED** that defendant's motion to dismiss is **GRANTED**, and plaintiff's suit is dismissed with prejudice.

**SO ORDERED.**

Signed by Royce C. Lamberth, Chief Judge, on October 17, 2011.